IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JARIUS J. MOSLEY, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:25-cv-2463-K-BN |
| | § | |
| DHI MORTGAGE COMPANY, LTD., | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiffs Jarius J. Mosley and Jatieal Mosley ("Plaintiffs") filed this lawsuit in a Kaufman County, Texas state court related to property in Mesquite, Texas (the "Property"); they amended the state court petition to add as a plaintiff Imperium Aeternum Express Trust, which is alleged to be "the current record owner of the real property at issue"; Plaintiffs then moved for summary judgment on their claims; and Defendants LoanCare, LLC and Lakeview Loan Servicing, LLC ("Defendants") removed Plaintiffs' lawsuit, asserting that there is federal subject-matter jurisdiction based on complete diversity because Plaintiffs improperly joined as a defendant DHI Mortgage Company, Ltd. ("DHI"), so the Court may disregard its citizenship. Dkt. No. 1.

United States District Judge Ed Kinkeade referred the removed lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Jurisdiction first: subject to the improper joinder analysis below, that at the

time of removal a trust alleged to be a citizen of Ethiopia was alleged to be a party does not affect complete diversity where it's plausibly alleged that Plaintiffs are citizens of Texas and Defendants are citizens of Florida. *See* 28 U.S.C. § 1332(a)(3); *Goar v. Compania Peruana de Vapores*, 688 F.2d 417, 420 n.6 (5th Cir. 1982) (Section 1332(a)(3) "may also have the effect of retaining federal jurisdiction when there is complete diversity between United States citizens involved in the action but there are foreign subjects among the parties on both sides." (citation omitted)).

And, after the Court ordered briefing as to the improper joinder alleged in the notice of removal, *see* Dkt. No. 9, Plaintiffs purported to nonsuit the claims by the Ethiopian trust and indicated that they did not oppose a motion to dismiss filed by DHI after removal, *see* Dkt. Nos. 5, 6, & 10; *see also* Dkt. No. 12.

But, because a court conducts the "improper joinder analysis on the basis of claims in the state court complaint as it exists at the time of removal," *Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024) (cleaned up), the undersigned has reviewed the notice of removal and its attachments and finds that Defendants have carried their burden to show that DHI was improperly joined under the applicable legal standards, *see, e.g.*, *Hunt v. Meridian Sec. Ins. Co.*, No. 3:26-cv-679-N-BN, 2026 WL 1408600, at *2-*4 (N.D. Tex. Apr. 15, 2026), *rec. accepted*, 2026 WL 1406054 (N.D. Tex. May 18, 2026).

And, so, DHI's post-removal motion to dismiss [Dkt. No. 5] should be denied as moot.

That leaves pending Defendants' motion to dismiss Plaintiffs' claims under

Federal Rule of Civil Procedure 12(b)(6) [Dkt. No. 8] and Plaintiffs' motions for summary judgment [Dkt. No. 16] and to expedite [Dkt. No. 41].

And the undersigned recommends that the Court grant the motion to expedite, deny the motion for summary judgment, grant the motion to dismiss, and dismiss this case with prejudice.

## Legal Standards

A motion under Rule 12(b)(6) is "not meant to resolve disputed facts or test the merits of a lawsuit" but "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Considering such a motion, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

But a plaintiff still must plead "enough facts to state a claim to relief that is plausible on its face" and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 555 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

So a court's "obligation [is] to accept [the] complaint's factual allegations as true and assess whether those facts permit a reasonable inference that [a defendant]

is liable." *Sewell*, 974 F.3d at 581; *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at \*3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions.

So, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels;

threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

Summed up, "to survive" dismissal under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (While "*[p]ro se* complaints receive a 'liberal construction,'" "mere conclusory allegations on a critical issue are insufficient." (cleaned up)).

As to Plaintiffs' motion for summary judgment on their claims, where "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007); *accord Wilson v. Dall. Indep. Sch. Dist.*, No. 3:18-cv-34-G-BN, 2020 WL 825819, at *7 (N.D. Tex. Jan. 17, 2020) ("[B]eyond peradventure" means "beyond doubt." (cleaned up)), *rec. adopted*, 2020 WL 821034 (N.D. Tex. Feb. 18, 2020).

The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002). And, so, "summary judgment is appropriate where the evidence would require a directed verdict." *Hernandez v. Trendy Collections, LLC*, No. 3:17-cv-2049-BN, 2018 WL 4103723, at *13 (N.D. Tex. Aug. 29, 2018) (cleaned up).

"[T]he traditional leniency afforded to a *pro se* plaintiff does not excuse [Plaintiffs] from [their] burden [as to any required] use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam) (citing *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[T]his is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.")).

That said, the verified complaint and sworn interrogatory answers of a *pro se* litigant can be considered as summary judgment evidence to the extent such pleadings meet the requirements of Rule 56(e). *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *accord Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.").

### Analysis

In their motion for summary judgment, Plaintiffs posit that

> [t]his case presents a straightforward statutory question under Tex. Bus. & Com. Code § 3.311. Plaintiffs tendered three USPS money orders in full satisfaction of a disputed mortgage debt. Defendants negotiated and retained the instruments without refund and without designating any special address for disputed payments. By operation of law, the debt was discharged as of June 13, 2023.

Dkt. No. 17 at 1. And Plaintiffs are correct that their case "presents a straightforward" question as to accord and satisfaction under Texas law. But they are not correct that they win.

Starting with the amended petition that Plaintiffs filed in state court (still the operative complaint) [Dkt. No. 1-4 at 51-59], according to Plaintiffs, in September 2021, they executed a promissory note and deed of trust for the Property. *See id.* at 52.

On June 1, 2023, they mailed a certified "Notice of Accord & Satisfaction/Opportunity to Cure" to Defendants, their servicer at that time, on which date, "the account was current, but Plaintiffs had a good-faith disagreement over the legitimacy of the claimed obligation, specifically: (i) failure to provide certain disclosures required under applicable lending laws, and (ii) lack of confirmation of the authenticity and endorsement status of the original promissory note." *Id.* at 52.

"On June 9, 2023, Plaintiffs mailed three USPS money orders totaling $2,412.00 (Serial Nos. 27840766882, 27840766871, 27840766893), each conspicuously stating: 'PAYMENT IN FULL SATISFACTION, made only on the condition that the obligation be canceled Loan No. 0060665312.'" *Id.* at 53.

According to Plaintiffs, they "selected a reasonable sum approximately equal to the contemporaneous monthly installment, to bring the account current while the

remaining disputed balance would be discharged under the accord terms." *Id.*

"Defendants accepted, negotiated, and retained the instruments on or about June 13, 2023 and did not tender repayment within 90 days or [any time] after." *Id.*

Still, "[f]ollowing the June 2023 accord offer, Plaintiffs continued to make subsequent monthly payments for approximately twelve months to avoid harm and preserve their property, while repeatedly notifying Defendants in writing that the June 2023 tender was a conditional payment in full satisfaction of the disputed debt under Tex. Bus. & Com. Code § 3.311," something "Defendants consistently denied," but they "never refunded the June 2023 payment and continued to retain those funds." *Id.* at 54.

Based on these allegations, Plaintiffs seek (1) a declaratory judgment as to their theory of discharge by accord and satisfaction, (2) release of the lien, (3) removal of the cloud as to their title of the Property, and (4) a permanent injunction to prohibit Defendants "from initiating or continuing any foreclosure or collection actions relating to the discharged obligation." *Id.* at 55-56; *see also id.* at 54 ("On or about August 26, 2025, Plaintiffs received a Notice of Substitute Trustee's Sale and Appointment of Substitute Trustee, setting a nonjudicial foreclosure sale for November 4, 2025, concerning the Property that is the subject of this action."); *compare cf.* Dkt. No. 22 at 3-4 ("Plaintiffs moved for a preliminary injunction to prevent a scheduled foreclosure sale. But Defendants respond to Plaintiffs' motion, in part, with evidence – a declaration from an attorney who they retained 'to execute the foreclosure sale of [the Property]' – reflecting that 'the foreclosure sale schedule[d]

for November 4, 2025 has been cancelled' and that '[t]he foreclosure file is currently on hold and no sale date for the Property has been set.'" (quoting Dkt. No. 19-1)).

"All claims arising out of contracts, express or implied, irrespective of their subject matter, may be the subject of an accord and satisfaction." *Bryant Law Firm v. Walker*, ___ S.W.3d ____, No. 25-0131, 2026 WL 126144, at *2 (Tex. May 8, 2026) (cleaned up; quoting *Tex. & Pac. Ry. Co. v. Poe*, 115 S.W.2d 591, 592 (Tex. 1938)).

Accord and satisfaction "rests upon a contract, express or implied, in which the parties agree to the discharge of an existing obligation by means of a lesser payment tendered and accepted." *Id.* (quoting *Lopez v. Munoz, Hockema & Reed, L.L.P.*, 22 S.W.3d 857, 863 (Tex. 2000)).

And, "[u]nder the common law, 'there must be a dispute and an unmistakable communication that tender of the reduced sum is upon the condition that acceptance will satisfy the underlying obligation.'" *Id.* (cleaned up; quoting *Lopez*, 22 S.W.3d at 863).

Add to that Texas Business and Commerce Code § 3.311, which "codifies the common law doctrine of accord and satisfaction," *United Healthcare of Tex., Inc. v. Low-T Physicians Serv., P.L.L.C.*, 660 S.W.3d 545, 547 (Tex. App. – Fort Worth 2023) (cleaned up), and

> provides that a claim may be discharged by an accord and satisfaction if the "instrument or an accompanying written communication contained a conspicuous statement to the effect that the instrument was tendered as full satisfaction of the claim" and the following conditions were also met:
> (1) that person in good faith tendered an instrument to the claimant as full satisfaction of the claim;
> (2) the amount of the claim was unliquidated or subject to a bona fide

dispute; and

(3) the claimant obtained payment of the instrument.

*Mel-Tex Valve, Inc. v. Merrill Lynch Bus. Fin. Servs., Inc.*, No. 4:07-cv-3315, 2008 WL 8086243 (S.D. Tex. Feb. 13, 2008) (quoting TEX. BUS. & COM. CODE § 3.311(a)); *accord Low-T Physicians*, 660 S.W.3d at 547-48 (Subject to "two statutory exceptions," "a claim that is subject to a bona fide dispute is extinguished by an accord and satisfaction if the person against whom the claim is asserted tenders a check to the claimant, the tendered check is in full satisfaction of the claim, the check (or accompanying correspondence) bears a conspicuous statement to that effect, the tender is in good faith, and the claimant cashes the check." (citing TEX. BUS. & COM. CODE ANN. § 3.311(a), (b), (c))); *see also Baeza v. Hector's Tires & Wrecker Servs., Inc.*, 471 S.W.3d 585, 593, 594 (Tex. App. – El Paso 2015) ("In addition to the common law defense of accord and satisfaction, the Texas Business and Commerce Code provides an alternative method to establish the defense of accord and satisfaction when a person has tendered a negotiable instrument, such as a check, to another person who has made a claim against him…. Unlike the common law defense of accord and satisfaction, the statutory defense of accord and satisfaction does take into account the defendant's state of mind in sending a negotiable instrument, as the Code expressly requires that the instrument be sent with a 'good faith' intent for it to be a full settlement of a dispute." (citation omitted)).

As these standards indicate, the fundamental flaw with Plaintiffs' theory of the case is that, as they admit, at the time, they were current on their mortgage, and, so, they chose to assert a claim against Defendants based on their "good-faith

disagreement over the legitimacy of the claimed obligation, specifically: (i) failure to provide certain disclosures required under applicable lending laws, and (ii) lack of confirmation of the authenticity and endorsement status of the original promissory note" and then pursue accord and satisfaction – as a sword, not a shield. Dkt. No. 1-4 at 52.

And, as a Texas court of appeals has persuasively explained, Section 3.311 does not apply to such a scenario.

"The accord and satisfaction provisions of the statute, sections 3.311(b)-(d), will apply in favor of 'a person *against whom a claim is asserted.*'" *Milton M. Cooke Co. v. First Bank & Tr.*, 290 S.W.3d 297, 306 (Tex. App. – Houston [1st Dist.] 2009) (emphasis in original; citing TEX. BUS. & COM. CODE ANN. § 3.311(a)).

And, so, the statute "contemplates that an accord and satisfaction established under the remainder of section 3.311(a) and section 3.311(b) discharges an existing claim against a party, who later invokes accord and satisfaction as an affirmative defense to that claim." *Id.* (citation omitted).

Accordingly, where a financial institution, such as a bank "had no existing claim against [plaintiffs] when they proffered the 'full satisfaction' checks on their continuing obligations under" an existing loan, and "[t]here was no claim under [that] contractual obligation[] because it is undisputed that [plaintiffs'] note payment[ was] current," "their dispute did not arise from those loans." *Id.*

Instead, as is also the case here, "[t]he only claim was not by [the bank], but by [plaintiffs] against [the bank]," which, "[b]y definition … is not a claim asserted

against [plaintiffs], but a claim asserted by them." *Id.*; *see also id.* at 307 ("Monthly payments due under both the equipment and boat notes were liquidated, certain, and, in this case, undisputed."); *id.* ("Though appellants had a dispute with First Bank, First Bank had no dispute with appellant on which a section 3.311(c) 'claim' could be based – until appellants attempted their 'full satisfaction' tender of their debt obligations under the equipment and boat loans to resolve appellants' dispute with First Bank regarding the Riley forgery.").

The Court should therefore grant Defendants' motion to dismiss – because Plaintiffs fail to show that, even in their best-case scenario, they have stated a plausible case for relief – and deny Plaintiffs' motion for summary judgment. *Cf. Ramirez v. Dick Law Firm, PLLC*, No. 01-21-00392-CV, 2022 WL 3970341, at *9 (Tex. App. – Houston [1st Dist.] Sept. 1, 2022, pet. denied) ("Where the existence of accord and satisfaction is in doubt, summary judgment is not appropriate." (citing *Richardson v. Allstate Tex. Lloyd's*, 235 S.W.3d 863, 865 (Tex. App. – Dallas 2007, no pet.))).

## Recommendation

Because it was shown through the notice of removal that DHI Mortgage Company, Ltd. was improperly joined, and, so, the Court possessed subject-matter jurisdiction at the time of removal, the Court should deny as moot DHI's motion to dismiss [Dkt. No. 5]. And the Court should grant Plaintiffs Jarius J. Mosley and Jatieal Mosley's motion to expedite [Dkt. No. 41], deny Plaintiffs' motion for summary judgment [Dkt. No. 16], grant Defendants LoanCare, LLC and Lakeview Loan

Servicing, LLC's motion to dismiss [Dkt. No. 8], and dismiss this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 25, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE